UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERTA MUNDAY, | No. 2:17-cv-1216-KJM-KJN PS |
| Plaintiff, | |
| v. | ORDER |
| BANK OF AMERICA, NA, et al., | |
| Defendants. | |

INTRODUCTION

Presently pending before the court is a motion to dismiss filed by defendant Chase Bank USA, N.A., erroneously sued as JPMorgan Chase & Co. ("Chase"). (ECF No. 7.) Defendants Bank of America, N.A.; CitiBank, N.A., erroneously sued as Citi; Ally Financial Inc. formerly known as GMAC, Inc.; Wells Fargo Bank, N.A.; and Mortgage Electronic Registration Systems, Inc., erroneously sued as MERS, Inc. have joined in the motion. (ECF Nos. 5, 9, 23.) Plaintiff ultimately filed a tardy opposition, which the court has nonetheless considered, and Chase filed a reply brief. (ECF Nos. 20, 21.)[1] For the reasons discussed below, the court GRANTS Chase's motion, but with leave to amend.

---

[1] The motion was submitted for decision without oral argument on the record and written briefing pursuant to Local Rule 230(g). (ECF No. 19.)

BACKGROUND

On July 26, 2016, plaintiff filed her complaint in the Amador County Superior Court, asserting claims for breach of contract, common counts, misrepresentation, fraud, and negligence against all named defendants, and seeking *inter alia* $300,000.00 in damages. (ECF No. 1 at 7-13.) Plaintiff simply checked the boxes for each claim on a California Judicial Council form, and failed to provide any factual allegations in support of her claims. (Id.) As such, the court is unable to determine even the rudimentary background facts giving rise to this action.

After being served with the complaint, Chase removed the action to this court on June 9, 2017, based on diversity jurisdiction. (ECF No. 1.)

The instant motion to dismiss followed. (ECF No. 7.)

LEGAL STANDARD

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the pleadings set forth in the complaint. Vega v. JPMorgan Chase Bank, N.A., 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009). Under the "notice pleading" standard of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and plain statement" of plaintiff's claims showing entitlement to relief. Fed. R. Civ. P. 8(a)(2); see also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In considering a motion to dismiss for failure to state a claim, the court accepts all of the facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. Corrie v. Caterpillar, Inc., 503 F.3d 974, 977 (9th Cir. 2007). The court is "not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Paulsen, 559 F.3d at

1071. The court must construe a *pro se* pleading liberally to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in her complaint and give plaintiff an opportunity to cure them if it appears at all possible that the plaintiff can correct the defect. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); accord Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990) (stating that "pro se pleadings are liberally construed, particularly where civil rights claims are involved"); see also Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (stating that courts continue to construe *pro se* filings liberally even when evaluating them under the standard announced in Iqbal).

In ruling on a motion to dismiss filed pursuant to Rule 12(b)(6), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted). Although the court may not consider a memorandum in opposition to a defendant's motion to dismiss to determine the propriety of a Rule 12(b)(6) motion, see Schneider v. Cal. Dep't of Corrections, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), it may consider allegations raised in opposition papers in deciding whether to grant leave to amend, see, e.g., Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

DISCUSSION

In this case, plaintiff's complaint is plainly deficient, because it fails to allege facts allowing the court to draw a reasonable inference that the defendants are liable for any cognizable legal claim. Plaintiff fails to identify any specific acts of misconduct, what role each defendant played in such misconduct, and which claims pertain to which defendant; indeed, the complaint fails to allege any facts whatsoever. Therefore, the complaint is clearly subject to dismissal.

Defendants request dismissal with prejudice. However, in light of plaintiff's *pro se* status, and consistent with Ninth Circuit precedent, the court finds it appropriate to provide plaintiff with an opportunity to correct the deficiencies identified by this order and Chase's motion to dismiss. Therefore, plaintiff's original complaint is dismissed, but with leave to file an amended complaint.

If plaintiff elects to file an amended complaint, it shall be captioned "First Amended Complaint"; shall address the deficiencies outlined above; and shall be filed within 28 days of this order.

Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make plaintiff's first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint, and once the first amended complaint is filed, the original complaint no longer serves any function in the case.

Finally, nothing in this order requires plaintiff to file a first amended complaint. If plaintiff determines that she is unable to amend her complaint to state a viable claim in accordance with her obligations under Federal Rule of Civil Procedure 11, she may alternatively file a notice of voluntary dismissal of her claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) within 28 days of this order.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Chase's motion to dismiss (ECF No. 7) is GRANTED.
2. Plaintiff's complaint is DISMISSED WITH LEAVE TO AMEND.
3. Within 28 days of this order, plaintiff shall file either a first amended complaint consistent with this order or a request for voluntary dismissal of the action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).
4. Failure to timely comply with this order may result in dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: October 31, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE